# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: MAXIMUS III PROPERTIES, LLC | ) | CASE NO. 17-41723 |
| | | CHAPTER 7 |
| DEBTOR | ) | JUDGE KAY WOODS |
| | ) | |

## MOTION FOR ORDER AUTHORIZING SALE OF REAL ESTATE AND EQUIPMENT AT PRIVATE SALE AND APPROVING A BREAK UP FEE

Now comes Richard G. Zellers, Trustee, by and through Counsel, and respectfully represents as follows:

1. On the 7th day of September, 2017 a petition was filed in this Court by the Debtor above named for relief under Chapter 11 of Title 11 of United States Code.

2. On the 2nd day of October, 2017 it was converted to a Chapter 7.

3. On the 2nd day of October, 2017, Richard G. Zellers was appointed the duly qualified and acting as such Trustee.

4. Among the assets belonging to the estate which the Trustee has in his constructive possession is the real property and its interest in certain equipment of the Debtor situated in the County of Trumbull and commonly known as 408 Dana Street, Warren, Ohio and the estate's interest in certain equipment located therein, together with all hereditaments, appurtenances, rights, privileges and easements thereunto belonging, but subject to: all legal highways, easements, restrictions, reservations, conditions and covenants of record; zoning and building laws, ordinances, rules and regulations.

5. There exists liens on the property in the way of the Trumbull County Auditor for real estate taxes and assessments, which will be paid in full; the Ohio Bureau of Workers Compensation, which shall be paid in full; and the ODJFS, which shall be paid in full. There also exists a lien to Saucan Development, which the Trustee is disputing. This was a lien put on by an insider on May 31, 2017 within ninety days of the filing of the bankruptcy. Testimony of the owner of the Debtor at the 341 examination indicated that the money was lent two years before. There is no documentation or evidence that Maximus ever received any money whatsoever. Based on this being a disputed lien position, the Trustee believes that the property can be sold free and clear of all liens and encumbrances, with liens being transferred to the proceeds while the Trustee negotiates the release of the lien. As there is a bona fide dispute existing with regards to the Saucan lien, the property may be transferred free and clear of all claimed lien interest of said Saucan pursuant to 11 U.S.C. Section 363(f)(4).

6. The Trustee has entered into a Purchase Agreement with Raiders Trading Limited, LLC for the sum of $340,000.00, a copy of said Purchase Agreement is attached hereto, identified as Exhibit A and incorporated by reference herein.

7. The Trustee believes that the sale of said real property to Raiders Trading Limited, LLC for the sum of $340,000.00 pursuant to the terms set forth in the attached Purchaser Agreement (Exhibit A) is in the best interest of the creditors of the estate.

8. The Trustee further requests that the Court approve payment of the $25,000.00 "break-up fee" provided for in Paragraph 14 of the Purchase Agreement (Exhibit A) in the event that another purchaser is approved at the hearing on said sale. Said other purchaser would be required, therefore, to bid in excess of $380,000.00.

9. The Trustee requests that the Stay provided by Rule 6004 of the Rules of Bankruptcy Procedure be waived as to the proposed sale of the subject real property.

10. The Trustee is not seeking to sell all of Debtor's real property. The Trustee is only selling the following:

| Perm. Parcel Nos. | |
|---|---|
| | 38-844940 - .77 acres* |
| | 39-539650 – 8.44 acres |
| | 39-539400 – 2.24 acres |
| | 39-539600 – 1.822 acres |
| | 39-568989 |
| | 39-539330 – 5.51 acres |
| | 39-539450 - .4 acres |
| | 38-845700 - .93 acres |
| | 38-845900 - .96 acres |

*The Seller is only transferring his interest in Parcel 38-844940. The Purchaser is aware that there may be a conflict as to ownership and has agreed to accept only what interest the Seller has in said property.

11. Any fixtures in the buildings upon said property are being sold free and clear of all encumbrances, with all encumbrances being transferred to the proceeds. There does exist certain equipment in the building that is not affixed to the real property. The Seller herein is transferring the estate's interest in said equipment. The Purchaser is aware of the fact that the debtor's former owner may have a claim, or interest in said equipment, and is willing to handle the dispute with the former owner with no liability or expense to the Seller.

12. There does exist additional property of the estate, which the Trustee shall liquidate to be certain that all claims are paid in full, as well as the expenses of the estate before abandoning any balance of property to the former owners.

WHEREFORE, Richard G. Zellers, Trustee, hereby moves this Court for an Order authorizing him to sell the Debtor's real property and equipment located therein as stated above, situated in City of Warren, County of Trumbull, State of Ohio and commonly known as 408 Dana Street, Warren, Ohio at a private sale to Raiders Trading Limited, LLC for $340,000.00 pursuant to the terms of the attached Agreement free and clear of all liens, claims and encumbrances, including that lien of Saucan; authorizing the payment at closing of the real estate taxes and assessments that are a lien on said real property, along with payment of the liens to Ohio Bureau of Workers Compensation, ODJFS and approving payment of $25,000.00 break up fee provided in paragraph 14 of the Purchase Agreement should this purchaser not be the successful purchaser or bidder on said property waiving the stay provided by Rule 6004 of the Rules of Bankruptcy Procedure as to the proposed sale of the subject real property, and granting such other and further relief as the Court deems just and equitable.

**Respectfully submitted,**

/s/Richard G. Zellers
**RICHARD G. ZELLERS (0011764)**
Attorney for Trustee
3810 Starr Centre Drive
Canfield, Ohio 44406
(330) 702-0780
(330) 702-0788 [facsimile]
zellersesq@gmail.com

### CERTIFICATE OF SERVICE

I certify that on December 22, 2017, a true and correct copy of the foregoing Motion was served:

Michael A. Partlow, partlowlaw@aol.com

And by regular U.S. mail, postage prepaid, on:

Office of the United States Trustee
201 Superior Ave., Room 441
Cleveland, OH 44114

/s/ Richard G. Zellers

# PURCHASE AGREEMENT

Canfield, Ohio    12/21/2017

      The undersigned, **RAIDERS TRADING LIMITED, LLC,** hereinafter called the "Purchaser", hereby offers and agrees to purchase from the Seller, **RICHARD G. ZELLERS, TRUSTEE IN BANKRUPTCY FOR MAXIMUS III PROPERTIES, LLC,** (hereinafter "Seller"), the Seller's real property situated in the City of Warren, County of Trumbull, State of Ohio, and commonly known as 402 Dana Street, Warren, Ohio, together with all hereditaments, appurtenances, rights, privileges and easements thereunto belonging, but subject to: all legal highways; easements, restrictions, reservations, conditions and covenants of record; zoning and building laws, ordinances, rules and regulations; and oil and gas leases of record.

The Purchaser agrees to pay and the Seller agrees to sell said premises for the sum of Three Hundred Forty Thousand Dollars ($340,000.00), which sum shall be payable as follows:

    a) The sum of Ten Thousand Dollars ($10,000.00), non-refundable deposit to apply to said purchase price, payable at the time of the execution of this Agreement and payable to "Maximus III Properties, LLC".

    b) Balance in the sum of Three Hundred and Thirty Thousand Dollars ($330,000.00) in cash upon delivery of the Trustee's Deed upon closing, which shall occur within ten days of the entry of a Court Order from the United States Bankruptcy Court authorizing said transaction.

The property being transferred is:

Perm. Parcel Nos.  38-844940 - .77 acres*

                                39-539650 – 8.44 acres

                                39-539400 – 2.24 acres

                                39-539600 – 1.822 acres

                                39-568989

                                39-539330 – 5.51 acres

                                39-539450 - .4 acres

38-845700 - .93 acres

38-845900 - .96 acres

*The Seller is only transferring his interest in Parcel 38-844940. The Purchaser is aware that there may be a conflict as to ownership and has agreed to accept only what interest the Seller has in said property.

1. The property is being purchased in its present physical condition after examination by the undersigned Purchaser and the Purchaser is relying solely upon such examination with reference to the condition, value, character and size of the property and improvements and fixtures, if any. The Purchaser has relied solely on his due diligence and has agreed to comply with the directives of the state, local and federal government, and in particular, the environmental protection agency in the disposal of all hazardous materials located upon the property. Furthermore, the Purchaser shall indemnify and hold the Trustee harmless from any and all charges, fines, clean-up costs, testing costs, etc. related to the clean-up and disposal of all hazardous materials located upon the real property.

2. The property passing under this contract shall include all buildings and improvements located on the premises.

3. Taxes and assessments shall be prorated to the date of the delivery of the deed. In prorating taxes and assessments the last available rates and valuations shall be used. Seller shall be responsible for all accrued utility bills to the date of delivery of the deed.

4. Seller shall pay the costs and expenses of Closing related to release of liens and approved real estate broker's/agent's commission. <u>ALL</u> other Closing costs, including, but not limited to:

a) title examination, commitment, preparation and the premium for title insurance in the amount of the purchase price for the property shall be paid by Buyer;

b) buyer shall be responsible for providing a transferable recordable legal description, including survey costs, incidental to that, if required;

c) recording costs for the Deed will be paid by Buyer;



d) inspection cost and study shall be paid by Buyer.

5. Seller shall deliver to Purchaser a Trustee's Deed conveying said premises free and clear of all liens and encumbrances, except as listed below, but subject to: all legal highways; easements, restrictions, reservations, conditions and covenants of record; zoning and building laws, ordinances, rules and regulations; and oil and gas leases of record.

6. Purchaser may obtain a title guaranty and/or title policy at its own expense.

7. There are no conditions precedent to the sale of this property, including, but not limited to, financing.

8. Purchaser has the right to insure the property for his own benefit as of the closing date.

9. Any fixtures in the buildings upon said property are being sold free and clear of all encumbrances, with all encumbrances being transferred to the proceeds. There does exist certain equipment in the building that is not affixed to the real property. The Seller herein is transferring the estate's interest in said equipment. The Purchaser is aware of the fact that the debtor's former owner may have a claim, or interest in said equipment, and is willing to handle the dispute with the former owner with no liability or expense to the Seller.

10. This contract shall be closed and all obligations of the parties performed within Ten (10) days of entry of an Order by the United States Bankruptcy Court approving the sale proposed herein.

11. Closing shall be performed by a title agency selected by the Seller, or agreed upon by the parties.

12. Seller shall deliver possession and occupancy of the property within Ten (10) days after the filing of the Deed of Record.

13. In the event, for any reason other than a defect in title, the Purchaser fails to carry out the terms of this contract, the Purchaser agrees that the deposit paid herewith shall be retained by the Seller and the retention by Seller of said sum shall not in any way prejudice the rights of the Seller in any action for damages, or specific performance.

14. Purchaser is acting as a stocking horse in the purchase of these properties and buildings. In the event that Purchaser is not successful in purchasing the property



as he would may be out bid by another purchaser, he shall be entitled to a break out fee in the amount of $25,000.00.

15. **THE SALE OF THIS PROPERTY IS SUBJECT TO CONFIRMATION BY THE UNITED STATES BANKRUPTCY COURT.**

It is understood that the within contract contains all of the terms and conditions agreed upon between the parties, and there are no outside conditions, representations, warranties, or agreements. Each party hereby acknowledged receipt of a copy of this contract. This contract shall be governed by the laws of the State of Ohio and time is of the essence in all provisions of said contract. Any amendment or modification hereof must be in writing and signed by the parties, **AND IS SUBJECT TO THE APPROVAL OF THE UNITED STATES BANKRUPTCY COURT.** All terms and conditions hereby shall survive the closing.

PURCHASER:               ADDRESS:                TELEPHONE:

RAIDERS TRADING LIMITED, LLC

BY: _____ - Managing Member

ACCEPTANCE (Subject to Court Approval)

Canfield, Ohio, December ___22___, 2017. I hereby accept the above offer and agree to all of the terms thereof and further acknowledge the receipt of Ten Thousand Dollars ($10,000.00), as earnest money deposit.

SELLER:                  ADDRESS:                TELEPHONE:

_____           3810 Starr Centre Dr.   330-702-0789
RICHARD G. ZELLERS      Canfield, OH  44406