IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-41723-KW |
| Maximus III Properties, LLC, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | Judge Kay Woods |
| ) | |

**RESPONSE TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING
SALE OF REAL ESTATE AND EQUIPMENT AT
PRIVATE SALE AND APPROVING A BREAK UP FEE**

Now comes Daniel M. McDermott, the United States Trustee for Region 9, and hereby files this response to the *Motion for Order Authorizing Sale of Real Estate and Equipment at Private Sale and Approving a Break Up Fee* (the "Sale Motion") filed by Richard G. Zellers (the "Trustee"), the chapter 7 trustee of the estate of the debtor Maximus III Properties, LLC (the "Debtor"). Dkt. 53. In response to the Sale Motion, the United States Trustee states as follows:

**Standing**

1. The United States Trustee is statutorily obligated to monitor the administration of cases commenced under Chapter 11 of Title 11 of the United States Code (the "Code"). 28 U.S.C. § 586. The United States Trustee has standing to be heard. 11 U.S.C. § 307. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**Facts**

2. On September 7, 2017, the Debtor filed a voluntary Chapter 11 petition (the "Petition Date"). Dkt. 1. The Debtor's estate consists primarily of improved real estate located

at 408 Dana Street, Warren Ohio 44483 (the "Property") as well as personal property, fixtures, and equipment, most (but not all) of which is contained on the premises.

3. On the Petition Date, there was no insurance on the Property. The Debtor through counsel indicated that neither he nor the equity holder Sergio DiPaolo ("DiPaolo") could enter the property, allegedly because the lease terms with a lessee forbid the lessor's entry, and lessee was to hostile the interests of the Debtor. Besides the lack of insurance and the alleged bars to entry of the debtor-in-possession, the United States Trustee also had concerns that the Debtor did not have a reliable inventory of the estate's assets.

4. On September 27, 2017, the United States Trustee filed an *Emergency Motion to Dismiss the Case* (the "Motion to Dismiss"). Dkt. 11. At the urging of the Debtor, the United States Trustee orally amended the Motion to Dismiss and requested that the Court consider whether dismissal or conversion was in the best interest of creditors. The Court granted the Motion to Dismiss as amended, and ordered the case converted to chapter 7 of Title 11. Dkt. 16.

5. The United States Trustee appointed Richard G. Zellers to serve as the chapter 7 trustee (the "Trustee").

6. On December 20, 2017, DiPaolo filed the *Motion to Convert Case from Chapter 7 to Chapter 13* (the "Motion to Convert"). Dkt. 51. In the Motion to Convert, DiPaolo represents that an interested party has provided a letter of interest to purchase the Debtor's assets for $3.5 Million. The United States Trustee has objected to that motion for the simple reason that a prospective purchaser can reasonably make an offer to the Trustee. Dkt. 55.

7. Since his appointment, the Trustee has diligently administered the assets of the estate for creditors' benefit. On December 22, 2017, the Trustee filed the Sale Motion. Dkt. 53. The Sale Motion proposes to sell most but not all of the Debtor's interests in the Property,

including fixtures and equipment thereon, to Raiders Trading Limited LLC ("Raiders") for a purchase price of $340,000.00.

8. The Sale Motion proposes that the Court approve a $25,000 break-up fee to Raiders should Raiders not be the successful purchaser *at the private sale*.

**Argument**

9. As movant, the Trustee must carry the burden of supporting the Sale Motion.

10. As a general matter, the United States Trustee certainly does not object to the sale of the Property. However, it would be premature to approve a private sale of any portion of the Property as there appears to be at least one other interested party who wishes to conduct reasonable due diligence, and possibly make a competing offer. Dkt 51. Moreover, the Trustee has not supported that the sale is commercially reasonable. Even if the sale were to pay all claims in full as alleged by the Trustee, equity retains a legitimate interest that Trustee sell the Property for a value that is tested by appropriate marketing and reasonable bidding procedures.

11. Insofar as the Sale Motion proposes a private sale without procedures for competitive bidding, the request for a $25,000 break-up fee should be denied in its entirety. *In re Hupp Industries, Inc.*, 140 B.R. 191, 195-196 (Bankr. N.D. Ohio 1192) (breakup fees that otherwise might be given business judgment deference in a non-bankruptcy commercial transaction will be carefully scrutinized in §363(b) sales).

Wherefore, the United States Trustee respectfully requests that the Court deny the Sale Motion as proposed, and order such other relief as required by law and equity.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted,

Daniel M. McDermott
United States Trustee Region 9

by: */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Trial Attorney
Department of Justice
Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800 Ext. 260
(216) 522-7193 (fax)
scott.r.belhorn@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Scott R. Belhorn, hereby certify that the foregoing Response was electronically transmitted on or about January 10, 2018, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice List:

- Rocco I. Debitetto    ridebitetto@hahnlaw.com, cmbeitel@hahnlaw.com
- Michael A. Partlow    partlowlaw@aol.com
- United States Trustee    (Registered address)@usdoj.gov
- Richard G. Zellers    RGZTRUSTEE@gmail.com, oh10@ecfcbis.com
- Richard G. Zellers    zellersesq@gmail.com
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

  */s/ Scott R. Belhorn*
Scott R. Belhorn